IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*,     ) ) ) ) | |
| Plaintiffs,     ) ) | Civil Action No. 1:13cv0882 (GBL/JFA) |
| v.     ) ) | |
| GM MECHANICAL, INC.,     ) ) | |
| Defendant.     ) ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 9). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against the defendant GM Mechanical, Inc. ("GM" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On July 19, 2013, the plaintiffs filed this action alleging that GM breached Collective Bargaining Agreements with the United Association Local Union Nos. 50, 162, 189, 392, and 776 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs, and for injunctive relief. (Docket no. 1). A summons was issued on July 19, 2013 (Docket no. 2), and the summons and complaint were served on GM on October 2, 2013

(Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on October 23, 2013, 21 days after being served with the summons and complaint. The defendant failed to file a responsive pleading in a timely manner. On November 12, 2013, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk of the Court entered default against the defendant pursuant to Fed. R. Civ. P. 55(a) on November 13, 2013. (Docket no. 8).

On November 26, 2013, the plaintiffs filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice setting a hearing for December 13, 2013 at 10:00 a.m. (Docket nos. 9-11). The motion for default judgment was supported with two affidavits from William T. Sweeney, Jr. and a declaration by John R. Harney. (Docket no. 10). The motion for default judgment and supporting papers were served on the defendant by mail on November 26, 2013. (Docket nos. 9-11). On December 13, 2013, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

### Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the affidavits and declaration attached as exhibits to the memorandum in support of the motion for default judgment (Docket no. 10). The Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund are trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreements between the United Association Local Union Nos. 50, 162, 189, 392, and 776 and the defendant. (Compl. ¶ 1). The International Training Fund is established and

2

maintained by a Restated Trust Agreement and by Collective Bargaining Agreement between the United Association Local Union 50, 162, 189, and 392 and the defendant. (Compl. ¶ 2). The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). GM is an Ohio corporation with offices located in Ohio. (Compl. ¶ 3). At all times herein, GM was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 4). Defendant is a signatory to Collective Bargaining Agreements with United Association Local Union 50, 162, 189, 392, and 776 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the defendant. (Compl. ¶ 5). Pursuant to the Collective Bargaining Agreements, the defendant agreed to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of the defendant covered by the Collective Bargaining Agreements. (Compl. ¶¶ 6, 7). Plaintiffs claim that the defendant employed certain employees covered under the Collective Bargaining Agreements and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at the defendant's request. (Compl. ¶¶ 8, 9, 21).

### Count I - National Pension Fund

The National Pension Fund asserts that the defendant failed to pay the amounts owed for contributions for the months of January 2012 through July 2012 on behalf of members in Local Union No. 50's jurisdiction; for the months of November 2011 through January 2013 and March

2013 through May 2013 on behalf of members in Local Union No. 162's jurisdiction; for the months of May 2011 and January 2012 through July 2012 on behalf of members in Local Union No. 189's jurisdiction; for the months of December 2011, October 2012 through December 2012, and March 2013 through May 2013 on behalf of members in Local Union No. 392's jurisdiction; and for the months of June 2012 through August 2012 and October 2012 on behalf of members in Local Union No. 776's jurisdiction. (Compl. ¶ 9).

The National Pension Fund alleges that for Local Union No. 50 the defendant failed to make contributions in the amount of $5,427.68 for the months of January 2012 through July 2012 pursuant to reports submitted by the defendant. (Compl. ¶ 10). The National Pension Fund alleges that for Local Union No. 162 the defendant failed to make contributions in the amount of $53,233.93 for the months of November 2011 through January 2013 and March 2013 through May 2013 pursuant to reports submitted by the defendant. (Compl. ¶ 11). The National Pension Fund alleges that for Local Union No. 189 the defendant failed to make contributions in the amount of $27,375.22 for the months of May 2011 and January 2012 through July 2012 pursuant to reports submitted by the defendant. (Compl. ¶ 12). The National Pension Fund alleges that for Local Union No. 392 the defendant failed to make contributions in the amount of $3,149.16 for the months of December 2011, October 2012 through December 2012, and March 2013 through May 2013 pursuant to reports submitted by the defendant. (Compl. ¶ 13). The National Pension Fund alleges that for Local Union No. 776 the defendant failed to make contributions in the amount of $1,594.56 for the months of June 2012 through August 2012 and October 2012 pursuant to reports submitted by the defendant. (Compl. ¶ 14). The total amount of the contributions defendant owes to the National Pension Fund is $90,780.55. (Compl. ¶ 17).

4

The National Pension Fund also alleges that the defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by Collective Bargaining Agreements on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶¶ 16, 18). Furthermore, pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund. (Docket no. 10-1, Sweeney Affid. ¶ 15).

### Count II - International Training Fund

In the complaint, the International Training Fund alleges that the defendant failed to pay the amounts owed for contributions for the months of January 2012 through July 2012 on behalf of members in Local Union No. 50's jurisdiction; for the months of November 2011 through January 2013 and March 2013 through May 2013 on behalf of members in Local Union No. 162's jurisdiction; for the months of May 2011 and January 2012 through July 2012 on behalf of members in Local Union No. 189's jurisdiction; and for the months of December 2011, October 2012 through December 2012, and March 2013 through May 2013 on behalf of members in Local Union No. 392's jurisdiction. (Compl. ¶ 21).

The International Training Fund alleges that for Local Union No. 50 the defendant failed to make contributions in the amount of $328.90 for the months of January 2012 through July 2012 pursuant to reports submitted by the defendant. (Compl. ¶ 22). The International Training Fund alleges that for Local Union No. 162 the defendant failed to make contributions in the amount of $4,494.82 for the months of November 2011 through January 2013 and March 2013

through May 2013 pursuant to reports submitted by the defendant. (Compl. ¶ 23). The International Training Fund alleges that for Local Union No. 189 the defendant failed to make contributions in the amount of $1,597.21 for the months of May 2011 and January 2012 through July 2012 pursuant to reports submitted by the defendant. (Compl. ¶ 24). The International Training Fund alleges that for Local Union No. 392 the defendant failed to make contributions in the amount of $807.48 for the months of December 2011, October 2012 through December 2012, and March 2013 through May 2013 pursuant to reports submitted by the defendant. (Compl. ¶ 25). The total amount of the contributions defendant owes to the International Training Fund is $7,228.41. (Compl. ¶ 28).

The International Training Fund also alleges that the defendant is bound to the Restated Trust Agreement that provides in Article VI, Section 6 that if an employer fails to file a report or make contributions within ten calendar days of the due date, the Trustees have the discretion to add liquidated damages in the amount of 20% of the amount due for each monthly report or payment past due to the amount owed by the employer. (Compl. ¶¶ 27, 29). Pursuant to the Restated Trust Agreement, interest is assessed at a rate of 12% per annum from the due date through the date of payment to the International Training Fund. (Docket no. 10-2, Sweeney Affid. ¶ 15).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2), they are entitled to a judgment awarding: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[1]

---

[1] In Count III plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring the defendant to submit timely contributions and

6

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district

---

remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). On October 2, 2013, the summons and complaint were served in person on Gerald E. Miller, the registered agent for GM. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant because each plaintiff fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served on GM's registered agent on October 2, 2013. (Docket no. 4). Pursuant to Fed. R. Civ. P. 12(a), a responsive pleading was due on October 23, 2013. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs

8

requested an entry of default on November 12, 2013. (Docket no. 6). The Clerk of the Court entered a default on November 13, 2013. (Docket no. 8).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of the Court properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, the defendant admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, the defendant failed to make contributions for various month to the National Pension Fund and to the International Training Fund. ERISA Section 515 provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

      (A)  the unpaid contributions,

      (B)  interest on the unpaid contributions,

      (C)  an amount equal to the greater of --

          (i) interest on the unpaid contributions, or

          (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 10-1). The International Training Fund also submitted an affidavit of William T. Sweeney, Jr. with the motion for default judgment. (Docket no. 10-2). In addition to the affidavits from Mr. Sweeney, the National Pension Fund submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 10-3).

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that the National Pension Fund is owed contributions in the amount of $90,780.95 for unpaid contributions for amounts due for Local Union Nos. 50, 162, 189, 392, and 776 for various months ranging from May 2011 through May 2013; liquidated damages in the amount of $9,078.10 (calculated at 10% of the contributions found to be due); and interest at the rate of 12% from the date the payments were due through December 13, 2013, totaling $15,974.25. In addition, the declaration of John R. Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the attorney's fees requested is $1,650.00 for 10.0 hours of attorney and paralegal time and the amount of costs requested is $911.29 for the filing fee, process server fee, and computerized research. The undersigned magistrate judge has reviewed the declaration of John R. Harney and the supporting documentation and recommends that the court find that the

$1,650.00 requested for attorney's fees and the $911.29 requested for costs by the National

Pension Fund are reasonable and should be paid by the defendant.[2]

For these reasons, the undersigned magistrate judge recommends that a default judgment

be entered in favor of the Trustees of the National Pension Fund against the defendant on Count

I in the complaint in the amounts shown below.

| | |
|---|---|
| Delinquent Contributions | $90,780.95 |
| Liquidated Damages | $9,078.10 |
| Accrued Interest (12/13/2013) | $15,974.25 |
| Attorney's Fees | $1,650.00 |
| Costs | $911.29 |
| *Total* | **$118,394.59** |

The information contained in the affidavit of Mr. Sweeney submitted on behalf of the

International Training Fund establishes that the International Training Fund is owed

contributions in the amount of $7,228.41 for unpaid contributions for amounts due for Local

Union Nos. 50, 162, 189, and 392 for various months ranging from November 2011 through

May 2013 and liquidated damages in the amount of $1,445.68 (calculated at 20% of the

contributions found to be due).  The International Pension Fund is also entitled to an award of

---

[2]  The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award.  However, because the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true.  The amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

interest on the unpaid contributions at the rate of 12% from the date the payments were due through December 13, 2013, totaling $1,224.87.

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the International Training Fund against the defendant on Count II in the complaint in the amounts shown below.

| Delinquent Contributions | $7,228.41 |
|---|---|
| Liquidated Damages | $1,445.68 |
| Accrued Interest (12/13/2013) | $1,224.87 |
| *Total* | **$9,898.96** |

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against the defendant on Count 1 of the complaint in the amount of **$118,394.59** and that a default judgment be entered in favor of the Trustees of the International Training Fund against the defendant on Count II of the complaint in the amount of **$9,898.96**.

<u>Notice</u>

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Gerald E. Miller, Registered Agent, GM Mechanical, Inc., 6795 W. State Route 41, Covington, Ohio 45318 and to GM Mechanical, Inc., 4263 Star Route 48, Covington, Ohio 45318, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and

12

waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 17th day of December, 2013.

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
_____
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

13